RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; MIGUEL P. GRAU ARECCO, ET AL., interventores.

Núm. 216.—*Sometido:* Mayo 13, 1949. *Resuelto:* Julio 30, 1949.

*Hon. Procurador General Vicente Géigel Polanco (Luis Negrón Fernández, Ex Procurador Genaral,* en la petición de *certiorari*) y

*J. B. Fernández Badillo, Procurador General Auxiliar,* abogados del peticionario; *J. J. Ortiz Alibrán y Oscar Souffront,* abogados de los interventores, querellantes en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El 12 de abril de 1946 entró en vigor la Ley núm. 303 (Leyes de 1946 (1) pág. 783), para imponer contribución sobre herencias y sobre donaciones, disponiendo que la misma tendría efecto retroactivo al 22 de marzo de 1946, fecha en que fué presentada en la Cámara de Representantes. El 26 del mismo mes y año, los esposos Grau Arecco donaron a cada uno de los aquí interventores la suma de $30,000.

El Tesorero de Puerto Rico, de acuerdo con las disposiciones de la referida ley, impuso a los donatarios la contribución correspondiente. Estos acudieron al Tribunal de Contribuciones para revisar la imposición. Basaron su querella en que la aplicación retroactiva de la ley era anticonstitucional, con lo cual convino el Tribunal de Contribuciones y declaró con lugar la querella invocando los casos de *Blodgett* v. *Holden,* 275 U. S. 142 y *Untermeyer* v. *Anderson,* 276 U. S. 440.

En el primero de dichos casos, el estatuto envuelto imponía la contribución al donante, y la donación fué efectuada con anterioridad a la vigencia de la ley. Solamente ocho jueces tomaron parte en su decisión. Tres de ellos concurrieron en la opinión emitida por el Juez McReynolds, en la cual se dijo lo siguiente:

"Parece absolutamente irrazonable que una persona que de buena fe y sin la menor idea de las consecuencias de su actuación dispone de toda su propiedad por medio de donaciones, sea requerida después a pagar un tributo por haber actuado en la forma en que lo hizo."

Los otros cuatro jueces no convinieron con ese razonamiento, siendo de opinión que debería darse a la ley una interpretación que asegurara su constitucionalidad y que la forma de lograrlo era interpretándola en el sentido de que sus dis-

posiciones eran prospectivas. En *Untermyer* v. *Anderson,* supra, volvió a plantearse la misma cuestión. En este último caso se declaró la ley inconstitucional por los mismos fundamentos expuestos en la opinión del Juez McReynolds. En éste, se trataba de una contribución impuesta a una donación efectuada después de presentado el proyecto de ley en el Congreso, pero antes de su aprobación y vigencia. Posteriormente, en *Welch* v. *Henry,* 305 U. S. 134, exponiendo los fundamentos que sirvieron de base a la decisión en el caso de *Untermyer* v. *Anderson,* supra, se dijo:

"En los casos en que esta Corte ha sostenido la nulidad de contribuciones sobre donaciones hechas y completamente adquiridas antes de la aprobación del estatuto contributivo, la decisión descansó en el fundamento de que la naturaleza o cantidad de la contribución no pudo anticiparse razonablemente por el contribuyente al tiempo de realizar el acto voluntario específico que la ley posteriormente constituyó en suceso tributable. (Citas.) Como en cada uno de estos casos el donante pudo libremente escoger entre dar o no dar, la imposición de una contribución, después de hacerse la elección, sobre una donación que el donante pudo haberse abstenido de hacer si hubiese anticipado la contribución, se consideró tan arbitraria y opresiva que constituía una negación del debido procedimiento de ley. Pero hay otras contribuciones cuya retroactividad no puede decirse que sea igualmente perjudicial, porque no recae sobre un acto voluntario del contribuyente. Y hasta una contribución retroactiva sobre donaciones se ha sostenido válida cuando el donante ha sido prevenido por las leyes de la posibilidad de tal imposición. (Citas.) En cada caso es necesario considerar la naturaleza de la contribución, y las circunstancias bajo las cuales se impone antes de que pueda sostenerse que su aplicación retroactiva es tan severa y opresiva como para traspasar la limitación constitucional.

"Contribuciones sobre la propiedad y sobre los beneficios conferidos a bienes inmuebles aplicadas retroactivamente no están sujetas a la objeción levantada con éxito en los casos de donaciones. (Citas.) Igualmente, una contribución sobre el recibo del ingreso no es comparable con una contribución sobre donación. No podemos asumir que los accionistas rechazarían los dividendos corporativos aunque supieran que su recibo estaría sujeto posteriormente a una nueva contribución o al aumento de la contribución vigente.

La objeción a la presente contribución es de distinta naturaleza y se refiere a la inconveniencia específica del contribuyente al ser requerido, después de transcurrido el tiempo acostumbrado para la imposición y pago de la contribución, para soportar una carga contributiva de la cual se alega no fué avisado y que no pudo anticipar.''

Es verdad que en el caso de *Welch*, supra, se trataba de una contribución sobre ingresos, mientras que la envuelta en éste es sobre donaciones; pero el razonamiento que aparece en el último párrafo que hemos tanscrito de la opinión del caso de *Welch*, supra, es perfectamente aplicable al de autos. Así como un contribuyente no dejaría de procurar ingresos por el mero hecho de que pudiera correr el riesgo de tener que pagar una contribución retroactiva sobre los mismos, un donatario tampoco dejaría de recibir la donación porque pudiera estar sujeto a pagar una inesperada contribución sobre la misma, pues ya se impusiere o no el tributo, siempre se beneficiaría con la donación. La situación podría ser distinta si la contribución la pagase el donante, pues si él hubiera sabido que venía obligado a pagar el tributo, quizás no hubiera estado dispuesto a hacer la donación. En el presente caso, como hemos apuntado, la ley no impone la contribución al donante, sino al donatario, y éste no podría alegar sorpresa alguna por el hecho de que se le impusiere una contribución sobre una donación que él, con o sin el tributo, hubiera aceptado. Por estos fundamentos no es de aplicación lo dicho por el Juez McReynolds en el caso de *Blodgett* v. *Holden*, supra, que antes hemos transcrito.

Somos de opinión que la Ley núm. 303 de 12 de abril de 1946 es constitucional.

*Procede revocar la decisión recurrida y devolver el caso al Tribunal inferior para ulteriores procedimientos consistentes con esta opinión.*

El Juez Asociado Sr. Negrón Fernández se inhibió.