Rafael Ángel, José Raúl, Carmen Luisa, Jorge y María de Lourdes González Giusti, querellantes y apelantes, *v.* Rafael A. Buscaglia, Tesorero de Puerto Rico, querellado y apelado.

Número 10965.

*Sometido:* 2 de marzo de 1954. *Resuelto:* 29 de marzo de 1954.

*Córdova & González* y *Robert Schneider, Jr.,* abogados de los apelantes; *Hon. Secretario de Justicia José Trías Monge* y *J. C. Santiago Matos, Procurador Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

José María González Cuyar falleció el día 4 de abril de 1946. En esa misma fecha los herederos de González entraron en posesión de los bienes dejados por éste al morir. El Tesorero de Puerto Rico, hoy Secretario de Hacienda, tasó dichos bienes e impuso una contribución de herencia a base de la aplicación de los tipos contributivos fijados en la Ley núm. 303, aprobada en 12 de abril de 1946 ((1) pág. 783), pero con efecto retroactivo al 22 de marzo de dicho año. Los herederos de González, aquí apelantes, pagaron bajo protesta la contribución así impuesta y luego impugnaron ante el antiguo Tribunal de Contribuciones, hoy Tribunal Superior, la aplicación a ellos de los tipos contributivos fijados en la susodicha Ley núm. 303. Su contención fué desestimada por el referido tribunal.

En este recurso sostienen los apelantes (1) que la sección 19 de la Ley núm. 303 no tiene el alcance de hacer retroactiva la aplicación de los tipos contributivos fijados por la sección 16 de dicha ley a traspasos de bienes por herencia, y (2) que de tener efecto retroactivo la Ley núm. 303 en cuanto a traspasos de bienes por herencia dicha ley sería inconstitucional porque privaría a los apelantes de su propiedad sin el debido procedimiento de ley y les negaría la igual protección de las leyes.

No tienen razón. Por disposición expresa de su sección 19, la Ley núm. 303, aprobada en 12 de abril de 1946, tiene efecto retroactivo al día 22 de marzo de 1946, fecha en que fué presentado en la Cámara de Representantes de Puerto Rico el proyecto que la produjo. Dispone dicha sección 19 que las disposiciones de la Ley núm. 303 son aplicables *a todas las donaciones* hechas en y/o después del día 22 de marzo de 1946.(1) El término "donación", según se usa en la Ley 303, incluye "toda transferencia que se haga por herencia, por testamento o abintestato". Sección 1(a) de dicha Ley. El término "donatario" "significa la persona que recibe una donación, según ésta se define en la subdivisión (a), incluyendo herederos, legatarios y causahabientes". Sección 1(b). El término "donante" "incluye al causante en el caso de propiedad que se trasmita por herencia, ya se efectuare la transferencia por testamento, por las leyes que rigen el abintestato, o por virtud de las disposiciones de cualquier escritura o fideicomiso".(2)

---

(1) La sección 19 de la Ley núm. 303 dispone lo siguiente:
"Sección 19.—Esta Ley, por ser de carácter urgente y necesaria, empezará a regir inmediatamente después de su aprobación; *Disponiéndose,* que por la presente se declara que existe una necesidad y una emergencia que hace necesaria que esta Ley tenga efecto retroactivo al día 22 de marzo de 1946, o sea, el día en que fué presentado en la Cámara de Representantes de Puerto Rico el proyecto que la produjo, y por lo tanto, las disposiciones de esta Ley serán aplicables a todas las donaciones hechas en y/o después de dicho día 22 de marzo de 1946."

(2) La sección 1 de la Ley núm. 303 fué enmendada por la Ley núm. 103 de 25 de abril de 1950 (pág. 263), sin que se alterara la definición de estos términos.

En vista de las anteriores definiciones, no puede haber duda de que a los fines de la Ley 303, cualquier transferencia de bienes por herencia, ya sea bajo testamento o abintestato, es una donación. A igual conclusión hay que llegar cuando se examinan las demás disposiciones de dicha Ley, especialmente las secciones 2, 3 y 4 que son las que respectivamente imponen la contribución, fijan los tipos y establecen determinadas exenciones. No podemos convenir con los apelantes en que los efectos retroactivos de la Ley 303 se aplican solamente a las donaciones voluntarias. Al disponer la sección 19 que las disposiciones de la Ley serían aplicables a *todas las donaciones* hechas en y/o después del día 22 de marzo de 1946, no distinguió entre una y otra clase de donaciones e incluyó por tanto la transferencia de bienes por herencia. Los apelantes arguyen, sin embargo, que si interpretamos en esta forma la sección 19, "entonces la enmienda al artículo 2 de la Ley de 1925 tiene el efecto de dejar en vigor dos tipos contributivos diferentes para todas las donaciones voluntarias, la impuesta por la sección 3 de la Ley núm. 303 y la impuesta sobre cada donación por el artículo 2 de la Ley 99 de 1925". Están equivocados. El artículo 2 de la indicada Ley núm. 99 de 1925 (pág. 791), según fué enmendada por la Ley núm. 72 de 1936 ((1) pág. 371), era el que fijaba el tipo contributivo que se impondría "sobre cada manda, legado, donación o herencia ....." antes de comenzar a regir los tipos fijados por la Ley 303. Por la sección 16 de la Ley 303 se enmendó el indicado artículo 2 de la Ley 99 de 1925, según ésta a su vez fué enmendada por la Ley núm. 72 de 1936. Dicha enmienda no tuvo otro alcance que el de eximir de contribución los primeros $500 de cada manda, legado, donación o herencia en aquellos casos en que el causante hubiere fallecido después del 31 de diciembre de 1945 y en o antes del 22 de marzo de 1946. Como a partir de esta última fecha rigen los tipos contributivos fijados por la Ley 303, no vemos cómo pueda sostenerse el argumento de los apelantes al efecto de que

quedarían en vigor dos tipos contributivos diferentes para las donaciones voluntarias en caso de que sostengamos la retroactividad de la Ley 303 en cuanto a la trasmisión de bienes por herencia. El evento tributable en el caso de los apelantes ocurrió después del 22 de marzo de 1946, y por tanto, la aplicación a ellos de los nuevos tipos contributivos fijados en la Ley núm. 303, es correcta.

 Tampoco podemos convenir con los apelantes en que la Ley núm. 303, en tanto impone retroactivamente tipos contributivos más altos sobre la trasmisión de bienes por herencia, es inconstitucional. En ocasiones anteriores hemos dicho que generalmente las leyes que imponen contribuciones retroactivamente no son inválidas *per se* y que una contribución no viola necesariamente la cláusula del debido procedimiento de ley porque sea retroactiva. *Tesorero* v. *Tribl. de Contribuciones y B. Suárez, Inc.*, 74 D.P.R. 274; *Tes.* v. *Tribl. de Contribuciones y Grau*, 70 D.P.R. 457. Precisamente en este caso de Grau sostuvimos la constitucionalidad de la Ley núm. 303, en tanto impone contribución sobre donaciones a los donatarios con efecto retroactivo a la fecha de la presentación de dicha ley en la Cámara de Representantes, o sea el 22 de marzo de 1946. Distinguimos el caso de *Grau* del de *Untermyer* v. *Anderson*, 276 U. S. 440, toda vez que en este último la contribución retroactiva se imponía al donante y no al donatario como ocurre en la Ley 303. Dijimos en el caso de *Grau* que un donatario no dejaría de recibir la donación porque pudiera estar sujeto a pagar una inesperada contribución sobre la misma, pues ya se impusiere o no el tributo, siempre se beneficiaría con la donación, pero que la situación podría ser distinta si la contribución la pagase el donante, pues si él hubiera sabido que venía obligado a pagar el tributo, quizás no hubiera estado dispuesto a hacer la donación. Y agregamos que como la Ley 303 no impone la contribución al donante, sino al donatario, éste no podría alegar sorpresa alguna por el hecho de que se le impusiere una contribución sobre una do-

nación que él, con o sin el tributo, hubiera aceptado. ¿Están en situación distinta los donatarios que reciben los bienes a título de herencia? No vemos como pueda establecerse diferencia alguna entre unos y otros. El razonamiento del caso de *Grau* es igualmente aplicable a los apelantes. La Ley núm. 303, aplicable a ellos, no es inconstitucional.

*La sentencia apelada será confirmada.*