SUZANNE SEMANAZ DE BRAEGGER, demandante y apelante, *v.* SOL L. DESCARTES, en su carácter de SECRETARIO DE HACIENDA, demandado y apelado.

Número 10947.

*Sometido:* 4 de marzo de 1954. *Resuelto:* 29 de abril de 1954.

*Enrique Igaravídez,* abogado de la apelante; *Hon. Secretario de Justicia José Trías Monge y Carlos N. Souffront Procurador Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Por escritura pública fechada el 20 de septiembre de 1951 los esposos Joannes Semanaz y Marguerite de Semanaz donaron a su hija Suzanne un solar compuesto de 600 metros cuadrados, situado en El Condado, valorado en la suma de $10,000 y a cuenta de ambas legítimas de los padres. A los efectos de la imposición de la contribución sobre donaciones el Tesorero de Puerto Rico fijó a la propiedad un valor de $17,900—valor éste que no es objeto de controversia—e impuso una contribución de $1,335, luego de conceder un crédito por $5,000. La donataria satisfizo la contribución y luego solicitó el reintegro de $862, por entender que tenía derecho a una exención de $10,000, o sea $5,000 por cada uno de los donantes. Negado el reintegro solicitado, la demandante acudió en 20 de junio de 1952 al antiguo Tribunal de Contribuciones de Puerto Rico con la correspondiente demanda. El demandado presentó moción de desestimación, aduciendo que los hechos alegados en la demanda no constituían una causa de acción. Discutida la cuestión así suscitada el tribunal declaró con lugar la moción y dictó sentencia desestimando la demanda.

En apelación la demandante imputa al tribunal a quo haber errado al sostener que una donación hecha por los padres a una hija "a cuenta de ambas legítimas," y así aceptada por la donataria es una donación de bienes gananciales que da derecho a una sola exención de $5,000; al interpretar la sección 4 de la Ley 303 de abril 12 de 1946; y al aplicar al presente caso, en moción de desestimación, los principios que motivaron su fallo en el caso de *Ramírez* v. *Tesorero de Puerto Rico* (caso núm. H–9 de dicha corte). Discrepamos de ese criterio.

▮▮ En la opinión emitida por el tribunal sentenciador, después de hacerse referencia a las alegaciones de la demanda y de manifestarse que el caso sólo envolvía una cuestión de

derecho, se hizo constar en las conclusiones de esta última índole que en los casos de *Carmen María* y *Blanca Ramírez Feliciano* v. *Tesorero*, resueltos en 14 de mayo de 1952, el tribunal se había enfrentado con una cuestión sustancialmente igual a la envuelta en el presente caso y que después de un análisis y estudio de las secciones pertinentes de la Ley 303, supra, llegaba a la conclusión de que en un caso en que el donatario recibe de sus padres en un solo acto una donación de propiedad ganancial, únicamente procede la concesión de un solo crédito de $5,000. De la opinión emitida por dicho tribunal en los casos de las Ramírez(¹) antes citados se dice lo siguiente:

"En vista de la interpretación que hemos dado a la sección 4(*a*) de la Ley 303 no creemos necesario discutir muy en detalle si ésta fué una donación hecha por la sociedad de gananciales como entidad jurídica distinta de la persona de los esposos donantes o si fué hecha personalmente por cada uno de ellos en cuanto a su derecho o participación indeterminada en dicha propiedad ganancial. Independientemente de la Ley 303 y de los fines contributivos aquí envueltos, creemos que se trata de un solo acto de disposición de bienes gananciales en que por tratarse de propiedad inmueble fué necesaria la concurrencia de la esposa al acto notarial. Como quiera que consideremos lo ocurrido en este caso, ya como distintas donaciones de cada uno de los padres de la demandante o ya como una sola donación, es forzoso concluir que la demandante tiene derecho a una sola exención de $5,000 sobre el valor del inmueble donado."

A los fines del primer error señalado es innecesario resolver si el tribunal sentenciador cometió error o no al manifestar en su opinión que se trataba de una donación de bienes gananciales toda vez que, según hemos indicado reiteradamente, la apelación se da contra la sentencia en sí y no contra los razonamientos o fundamentos expuestos en la opinión emitida en apoyo de la misma.

---

(¹) Copia de esa opinión figura en los autos de este caso.

La Ley 303 de 12 de abril de 1946 (pág. 783), según fué enmendada por la núm. 103 de 25 de abril de 1950 (pág. 263), define en su sección primera la palabra donación, indicándose, entre otras cosas que esa palabra "incluye la donación puramente graciosa, la onerosa y la remuneratoria, según las define el Código Civil de Puerto Rico." En este caso es incuestionable que se trata de una donación puramente graciosa de un inmueble, hecha a una hija que para aquel entonces era soltera. A virtud de preceptos expresos de la Ley 303 la contribución impuesta debe ser pagada por la donataria. Véanse la sección 2 de esa Ley y *Buscaglia, Tes.* v. *Tribl. de Contribuciones*, 70 D.P.R. 457, 460.

Por la sección 4 (*a*) de la Ley 303, supra, se dispone que:

"Quedarán exentos de contribución de acuerdo con esta Ley, y excluídos del montante de las donaciones tributables, (²) *(1) Los primeros mil (1,000) dólares del total de donaciones recibidas por el donatario; (2) los primeros cinco mil (5,000) dólares del total de donaciones recibidas por un donatario que sea cónyuge o pariente del donante en el primero o segundo grados de consanguinidad o afinidad; ...*" (Bastardillas nuestras.)

El contexto de esa sección nos parece meridianamente claro y de fácil interpretación. Los primeros $1,000 del total de donaciones recibidas por el donatario no pueden ser otros que los primeros $1,000 percibidos como donaciones por una persona, bien sea en un solo acto o en varios; es decir, si a una persona se le hace una donación de $1,000 o menos, y ésa es la primera donación, la misma estará exenta de tributación, pero si a esa misma persona se le hacen varias donaciones cuyo monto acumulado pasa de $1,000, entonces a virtud de la fraseología clara y terminante del estatuto, solamente los primeros $1,000 donados estarán exentos del pago de la contribución impuesta por la ley, mas no así cualquier cantidad o cualesquiera cantidades donadas que excedan de esa suma

---

(²) La sección 1 (*e*) de la Ley 303, según fué enmendada, preceptúa que: "El término 'donación tributable' significa el importe de la donación menos el montante de las exenciones concedidas en la Sección 4 de esta Ley."

específica.  Sobre tal excedente habrá que pagar contribución. En igual sentido podemos pronunciarnos en relación con el segundo inciso de la sección 4.  Por ese último inciso se eximen del pago de la contribución impuesta por la Ley 303, supra, los primeros $5,000 del total de donaciones recibidas por un donatario, siempre desde luego, que éste sea cónyuge o pariente del donante dentro del primero o segundo grado de consanguinidad o afinidad.  Lo anterior, en otras palabras, quiere decir que cuando se trata de una donación hecha por una persona que no es cónyuge del donatario ni está relacionada con éste dentro de los grados especificados por el inciso segundo, el donatario sólo tiene derecho a una exención total de $1,000; y que si el donatario es cónyuge o pariente del donante dentro de los grados indicados, en ese caso la exención total independientemente del número de donaciones de que se trate—ya sea una sola o un sinnúmero de ellas—la exención se aumenta a $5,000, debiendo pagarse contribución sobre cualquier excedente que sobre esa suma hubiere.  Tanto bajo un inciso como bajo el otro, no desempeña papel de clase alguna, repetimos, que se trate de una sola donación o de dos o más donaciones.  Lo que la Ley dispone de manera específica, clara y terminante es que solamente los primeros $1,000, o los primeros $5,000 (ora se trate del primero o del segundo inciso de la sección 4) del total de las donaciones recibidas por el donatario estarán exentas del pago de la contribución.  Así pues, aunque la donación hecha en este caso sea considerada como una realizada por el padre y por la madre de la donataria, separadamente—es decir como dos donaciones—el resultado no varía.  La donataria sólo tiene derecho a una exención por los primeros $5,000 del valor total de las donaciones recibidas.  Por la diferencia sobre ese valor debe pagar la contribución impuesta.([3])

---

([3])En lo que a exenciones concierne la ley nuestra es distinta a la federal.  Esta última en lo pertinente dispone:

"(1) *Donaciones anteriores a 1939.*—En el caso de donaciones (salvo que se trate de donaciones de un interés futuro en propiedad) hechas a

■ El hecho de que en la escritura de donación se haya hecho constar de manera taxativa que la donación habría de entenderse a cuenta de ambas legítimas, en nada afecta la conclusión a que antes llegamos. No estamos aquí ante un problema de derecho civil. Por ende, las disposiciones que al efecto éste pueda tener en nada alteran el resultado en el caso de autos. Estamos simple y llanamente ante un problema contributivo y es exclusivamente a la ley que rige la materia que nos ocupa que debemos acudir. *Albanese* v. *Secretario de Hacienda,* ante pág. 324. Ésta, como hemos visto, no da la razón a la apelante.

Dada la conclusión antes expuesta se hace innecesario discutir el tercer error señalado.

*Debe confirmarse la sentencia apelada.*

Los jueces Presidente Sr. Snyder y Asociado Sr. Belaval no intervinieron.

---

cualquier persona por el donante durante el año natural 1938 y en años anteriores, los primeros $5,000 de semejantes donaciones hechas a tal persona no se incluirán, a los fines del inciso (*a*), en el monto total de las donaciones hechas durante ese año.

"(2) *Donaciones hechas con posterioridad a 1938 y con anterioridad a 1943.*—En el caso de donaciones (salvo que se trate de donaciones en fideicomiso o de un interés futuro en propiedad) hechas a cualquier persona por el donante durante el año natural 1939 y en años subsiguientes anteriores al 1943, los primeros $4,000 de semejantes donaciones hechas a tal persona no se incluirán a los fines del inciso (*a*), en el monto total de las donaciones hechas durante ese año.

"(3) *Donaciones hechas con posterioridad a 1942.*—En el caso de donaciones (salvo que se trate de donaciones de un interés futuro en propiedad) hechas a cualquier persona por el donante durante el año natural 1943 y en años naturales subsiguientes, los primeros $3,000 de semejantes donaciones hechas a tal persona no se incluirán, a los fines del inciso (*a*), en el monto total de las donaciones hechas durante ese año." 26 U.S.C.A., título 26, sección 1003, pág. 353.

Los anteriores preceptos del estatuto federal han dado lugar a un buen número de decisiones, la mayoría de las cuales ha girado en torno a si se trata de la donación de un interés contemporáneo (*present interest*) o de un interés futuro. De tratarse de un interés contemporáneo todas las decisiones a nuestro alcance se pronuncian en el sentido de que el donante —que es quien paga la contribución bajo el estatuto federal—tiene derecho a la exención fijada por la ley, por cada donatario y por cada año natural en que las donaciones se hayan hecho. *Ryerson* v. *United States,* 312 U. S. 405; Paul, *Federal Estate and Gift Taxation,* volumen II, (edición 1942),

FERNANDO SIERRA BERDECÍA, SECRETARIO DEL TRABAJO, en representación y para beneficio del empleado EDWIN V. GOSS, demandante y apelado, *v.* LONG CONSTRUCTION COMPANY, demandada y apelante.

Número 11088.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 29 de abril de 1954.

sección 15.18, pág. 990.   Paul, ob. cit., Suplemento de 1946, secciones 15.11 y 16.03.   Lasser, *Estate Tax Handbook,* ed. 1951, pág. 131.

En el caso de *Cox* v. *Commissioner,* 38 B.T.A. 865, se trataba de dos donaciones en fideicomiso hechas a dos fiduciarios distintos, pero a favor del mismo beneficiario.   Al resolver el caso, la Junta de Apelaciones Contributivas se expresó así en el curso de su opinión:

"Pero aun si el hijo fuera el único beneficiario bajo cada fideicomiso, nuestra opinión es que la exención de $5,000 debe ser concedida en cada caso .   . . . Si bien la cuestión precisa que ahora está ante nuestra consideración no ha sido aún resuelta, nos parece que es un corolario a nuestras decisiones anteriores que una deducción de $5,000 puede ser hecha por cada transferencia en fideicomiso, aunque el beneficiario sea el mismo.   El Congreso anticipó tal resultado . . . al enmendar el artículo 504(*b*) en 1938 y al disponer que la exención no se aplicaría a donaciones en fideicomiso. Véase el informe número 1567, del Comité de Finanzas del Congreso 75º, tercera sesión."

En la nota 2 de esa opinión que figura al calce de la página 868 aparece de ese Informe (núm. 1567) lo siguiente:

"Sección 503 . . . El Comité también propone una enmienda a virtud de la cual la exención no será aplicable a donaciones en fideicomiso.   La Junta de Apelaciones Contributivas y varios tribunales federales han resuelto, en relación con donaciones en fideicomiso, que las entidades fiduciarias eran las donatarias y que por tal motivo las donaciones eran de un interés contemporáneo y no de un interés futuro.   Interpretado el estatuto en esa forma, éste otorga un método fácil de evadir el pago de la contribución, toda vez que un donatario (sic) puede crear cualquier número de fideicomisos en el mismo año en favor de los mismos beneficiarios, con de-

*Garrard Harris,* abogado de la apelante; *Joaquín Gallart Mendía* y *Domingo Candelario,* abogados del Departamento del Trabajo y a su vez del apelado.

recho a una exención de $5,000 por cada fideicomiso, *mientras que si las donaciones son hechas en forma que no sea en fideicomiso no habría derecho en ningún caso a más de una sola exención de $5,000.*" (Bastardillas nuestras.) (Véase, sin embargo, *Helvering* v. *Hutchings,* 312 U. S. 393, 397, resuelto en 1941, después de haberse enmendado la sección 504(b).)

Las palabras subrayadas nos reafirman en el criterio enunciado en esta opinión.