ISABEL EMANUELLI DE VALLECILLO, ET AL., demandantes, apelados y apelantes, *v.* SECRETARIO DE HACIENDA, demandado, apelante y apelado.

Número 11281.

*Sometido:* 8 de noviembre de 1954. *Resuelto:* 7 de octubre de 1955.

*Hon. Secretario de Justicia José Trías Monge* y *J. C. Santiago Matos, Procurador Auxiliar,* abogados del apelante y apelado; *Manuel I. Vallecillo,* abogado de los apelados y apelantes.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

En 1951 los demandantes, como únicos y universales herederos de Gabriel Emanuelli Amy, pagaron una contribución federal sobre bienes relictos (*federal estate tax*) ascendente a $17,449.15. La cuestión aquí envuelta es si los demandantes tenían derecho a un crédito por esta cantidad contra nuestra contribución sobre herencia impuesta a los herederos por la sec. 2 de la Ley núm. 303, Leyes de Puerto Rico, 1946, 13 L.P.R.A. sec. 883. La reclamación de los demandantes por dicho crédito se basa en la sec. 5 (*a*), 13 L.P.R.A. sec. 887, que dispone: "Se concederá como crédito contra la contribución que se impone por la Sección 2 el montante de cualquier

contribución sobre sucesión, herencia, o transferencia impuesta por el Gobierno de Estados Unidos de América o por cualquier otro gobierno extranjero . . .".

El Secretario de Hacienda rechazó este crédito. Los demandantes pagaron la parte correspondiente de la contribución y demandaron al Secretario ante el Tribunal Superior en reclamación de reintegro. El tribunal sentenciador dictó sentencia a favor de los demandantes en cuanto a este punto. El Secretario ha apelado de dicha sentencia.

█ Alega el Secretario que la sec. 5(a) no es de aplicación a este caso por el fundamento de que la contribución federal sobre bienes relictos no es una contribución sobre "sucesión, herencia, o transferencia". Diferimos. Es cierto que la contribución federal sobre bienes relictos no es una contribución sobre sucesión o sobre herencia. *Helvering* v. *Northwestern Nat. Bank & Trust Co.*, 89 F.2d 553, 555 (C.A. 8, 1937); *Plunkett* v. *Old Colony Trust Co.*, 124 N.E. 265 (Mass., 1919); *State Tax Commission* v. *Backman*, 55 P.2d 171 (Utah, 1936); *Turner* v. *Cole*, 179 Atl. 113 (N.J., 1935); *In re Vanderbilt's Estate*, 22 N.E.2d 379, 387 (N.Y., 1939); *Russell* v. *Cogswell*, 98 P.2d 179, 182 (Kan., 1940); I Paul, *Federal Estate and Gift Taxation*, págs. 19–20. Pero la contribución federal sobre bienes relictos es sin lugar a dudas una contribución sobre transferencia. La misma ". . . se impone sobre la *transferencia* o cambio en relación con bienes al ocurrir una muerte". *U. S. Trust Co.* v. *Helvering*, 307 U. S. 57, 60 (bastardillas nuestras); *United States* v. *Jacobs*, 306 U. S. 363, 367; *Estate of Rogers* v. *Commissioner*, 320 U. S. 410, 413; *Riggs* v. *Del Drago*, 317 U. S. 95, 98; I Paul, supra, págs. 19–20; secs. 810–1, I.R.C., 26 U.S.C.A.

█ Al sostener que la contribución federal sobre bienes relictos no es una contribución sobre transferencia a tenor con la sec. 5(a), el Secretario de Hacienda descansa en dos aspectos de la contribución federal: (1) "los bienes relictos" más bien que los herederos individuales, responden de la

misma; (2) el evento tributable es la transmisión de bienes a la muerte, independientemente de las personas que reciban los mismos. *McLaughlin* v. *Green*, 69 A.2d 289 (Conn., 1949); I Paul, supra, págs. 19–20. *Cf. Tes.* v. *Tribl. Contribuciones y Grau*, 70 D.P.R. 457, 458, 460; 16 Rev. Jur. U.P.R. 195. No creemos que la Asamblea Legislativa tuvo en mente cuando aprobó la sec. 5(*a*) estas diferencias técnicas entre nuestro estatuto y la Ley Federal. Tampoco creemos que la Asamblea Legislativa tuvo por miras limitar el crédito en la sec. 5(*a*) a contribuciones impuestas a sucesiones según éstas aparecen definidas en los arts. 599 a 610 del Código Civil, ed. de 1930, 31 L.P.R.A. secs. 2081 a 2092. El amplio y abarcador lenguaje que empleó—contribución sobre sucesión, herencia o *transferencia*—en un momento en que la Ley Federal tenía los dos aspectos antes reseñados, demuestra una inequívoca intención de permitirle a los herederos un crédito contra nuestras contribuciones sobre herencia por contribuciones a virtud de muerte, válidamente debidas y pagadas al Gobierno Federal.[1]

■ Sin embargo, resta la cuestión de si los demandantes tenían que pagar la contribución federal sobre bienes relictos. El tribunal sentenciador resolvió que los demandantes tenían derecho al crédito bajo la sec. 5(*a*) al demostrarse que ellos como cuestión de hecho pagaron la contribución federal al exigírsela el Comisionado Federal de Rentas Internas. No estamos de acuerdo. Si un contribuyente claramente es responsable del pago a tenor con el estatuto federal, puede pagar la contribución federal y recibir el crédito provisto en la sec. 5(*a*) sin litigar la cuestión. Pero si existe una seria duda en cuanto a tal responsabilidad, el contribuyente no puede acceder a los requerimientos del Comisionado Federal sin litigar la cuestión en los tribunales y entonces reclamar un crédito bajo la sec. 5(*a*) por el monto total de la suma pagada al

[1] El Secretario sostiene que la concesión por la contribución federal sobre bienes relictos de un crédito bajo la sec. 5(*a*) absorbería en algunos casos toda la contribución local. Ese argumento debe dirigirse a la Asamblea Legislativa y no a este Tribunal.

Gobierno Federal en contra de nuestra contribución sobre herencia. De otro modo el contribuyente estaría decidiendo a su capricho qué gobierno debe recibir esta porción específica de las contribuciones en virtud de muerte adeudadas por él.

■ Este caso surgió porque el Comisionado Federal fué de opinión que bienes pertenecientes a Gabriel Emanuelli a su muerte, radicados en los Estados Unidos, estaban sujetos a la Parte III de la Ley Federal sobre Bienes Relictos, secs. 860 a 865, I.R.C., 26 U.S.C.A., relativa a "Bienes Relictos de No Residentes No ciudadanos de los Estados Unidos". Es decir, el Comisionado trató a Emanuelli como un extranjero no residente. Convenimos que compete a los tribunales federales y no a este Tribunal determinar la cuestión de responsabilidad por el pago de la contribución federal sobre bienes relictos. Pero aquí meramente hubo una reclamación del Comisionado Federal que no sólo era de dudosa validez sino contraria a su propia práctica administrativa anterior, véase *Commissioner of Internal Revenue* v. *Rivera's Estate*, 214 F.2d 60, 65, escolio 15 (C.A. 2, 1954). Bajo dichas circunstancias los demandantes no podían desviar el curso de aquellas rentas que muy bien podrían pertenecer al Gobierno de Puerto Rico accediendo a la contención del Comisionado sin litigar la cuestión y entonces pasarle el peso total de dicho pago a nuestro Tesoro reclamando un crédito por ello a tenor con la sec. 5(*a*).

Confrontado con la misma situación, otro contribuyente hizo lo que tenía que hacer. Demandó al Comisionado ante la Corte de Contribuciones de los Estados Unidos, la que resolvió que en vista de las disposiciones tanto del Acta Fóraker como del Acta Jones, al efecto de que las leyes de rentas internas de los Estados Unidos no eran de aplicación a Puerto Rico, (²) el Congreso no dispuso que la ley federal sobre bienes relictos fuera aplicable a un ciudadano de los Estados Unidos que estuviera domiciliado en, y fuera ciudadano de, Puerto

---

(²) 31 Stat. 77, 80, sec. 14, 1 L.P.R.A. pág. 33; 39 Stat. 951, 954, sec. 9, 1 L.P.R.A. pág. 76. La Ley Federal de Relaciones con Puerto Rico contiene una disposición similar. 64 Stat. 319, sec. 4, 1 L.P.R.A. págs. 164-5.

Rico. La Corte de Contribuciones añadió que el Congreso no tuvo la intención de que tales ciudadanos de Puerto Rico fueran tratados como extranjeros no residentes. *Estate of Clotilde Santiago Rivera*, 19 T.C. 271 (1952). En apelación por el Comisionado, esta decisión fué confirmada. *Commissioner of Internal Revenue* v. *Rivera's Estate*, supra. Al mismo efecto, *Estate of Arthur S. Fairchild*, 24 T.C. No. 45 (June 16, 1955), publicado en Par. 24.45 P–H TC 1955. Véase también sobre una cuestión relacionada, *Estate of Albert De Caen Smallwood*, 11 T.C. 740 (1948), el cual el Comisionado ha aceptado. 1949–1 Cum. Bul. 3.

El Comisionado no ha aceptado los casos de *Santiago Rivera* y de *Estate of Fairchild*. Reconocemos la posibilidad de que otras Cortes de Apelaciones de Circuito y el Tribunal Supremo de los Estados Unidos puedan en última instancia sostener la posición del Comisionado. Pero hasta que eso ocurra, un contribuyente en esa situación que desee proteger su reclamación de un crédito bajo la sec. 5 (*a*), debe impugnar la contribución federal sobre bienes relictos en las cortes federales. El Tribunal Superior concluyó que los demandantes ni radicaron ni tienen la intención de radicar tal pleito. Bajo dichas circunstancias y en vista del estado actual de los casos de las cortes federales sobre esta cuestión, los demandantes no tienen derecho a un crédito bajo la sec. 5 (*a*) por contribuciones pagadas a los Estados Unidos. *Cf. Veve* v. *Descartes, Tesorero*, resuelto hoy, en el cual el contribuyente dió los pasos adecuados para proteger su posible derecho a un crédito bajo la sec. 5 (*a*).

La sec. 5 (*c*) de la Ley núm. 303 provee en parte como sigue: "Si cualquier contribución por la cual se reclamare crédito al amparo de este artículo fuere luego rebajada, reajustada, o alterada en cualquier forma, el contribuyente deberá informar al Tesorero dicho cambio dentro de los treinta días de haberse verificado tal reajuste, y se impondrá de nuevo en forma que corresponda la contribución dispuesta por esta Ley." El tribunal sentenciador dijo que la sec. 5 (*c*) ". . . ha

dispuesto lo que debe hacerse si en el futuro los Tribunales de Estados Unidos determinaran en definitiva que el Comisionado de Rentas no puede cobrar una contribución como la cobrada en este caso y en alguna forma se devolviera a los demandantes la contribución pagada por ellos." Pero aquí los demandantes no hicieron esfuerzo alguno para obtener el reintegro de la contribución federal. No podemos convenir en que bajo la sec. 5 (c) el contribuyente puede, *de así elegirlo*, impugnar la contribución federal y que si no lo hace, puede no obstante reclamar un crédito por ella bajo la sec. 5 (a). Por el contrario, como ya hemos indicado, si existe una seria duda en cuanto a la responsabilidad por el pago de la contribución federal, el contribuyente *debe* dar los pasos adecuados para proteger su reclamación de reintegro bajo las leyes federales si desea conservar su derecho a un crédito por la contribución federal bajo la sec. 5 (a). No habiendo dado tales pasos, los demandantes no tienen derecho al crédito.

■■ Los demandantes han apelado de la sentencia del tribunal sentenciador en tanto en cuanto dejó de resolver que la sec. 5 (d) es inconstitucional. Dicha sec. 5 (d) dispone: "El montante de cualquier contribución por la cual se reclamare crédito al amparo de este artículo, deberá incluirse como parte de la donación a los fines de computar la contribución de acuerdo con las secciones 2 y 3." (³) Como ya se ha indicado, el tribunal sentenciador resolvió que los demandantes tenían derecho bajo la sec. 5 (a) a un crédito por las contribuciones federales sobre bienes relictos pagadas al Comisionado Federal; pero resolvió además que "[e]n estos momentos el Tribunal no tiene ante sí suficiente base de hecho para pasar sobre la constitucionalidad de la referida sección 5 (d) . . .".

Los contribuyentes en su demanda y en sus alegatos no dicen en qué disposiciones de la Constitución de Puerto Rico o de la Federal ellos descansan. Sin embargo, en vista de su contención de que la sec. 5 (d) opera como una contribución

---

(³) La sec. 1 define la "donación" como que incluye toda transferencia que se haga ". . . por herencia, por testamento o abintestato."

sobre una contribución y no como una contribución sobre transmisión de bienes, suponemos que los demandantes invocan las cláusulas local y federal del debido procedimiento. El Secretario trata de contestar este argumento sosteniendo que el crédito propiamente dicho no es objeto de la contribución bajo la Ley; más bien, según el Secretario, el crédito no es reconocido al calcular o computar la contribución.

Es innecesario pasar sobre esta cuestión de constitucionalidad. La misma es ilusoria por dos motivos. Primeramente, si bien el Secretario rechazó a los demandantes un crédito bajo la sec. 5 (a) por la contribución federal sobre bienes relictos *contra nuestra contribución sobre herencia,* en este caso específico el Secretario—por motivos no explicados en los autos y contrario a los términos de la sec. 5 (d) — de hecho rebajó la contribución federal *del monto de los bienes heredados* antes de calcular nuestra contribución sobre los mismos. De conformidad, en vista de que el Secretario no aplicó la sec. 5 (d) contra los demandantes, éstos no pueden levantar la cuestión de su constitucionalidad.

En segundo lugar, de todos modos la cuestión constitucional se tornó en ilusoria cuando determinamos que bajo las circunstancias de este caso no debe concederse ningún crédito bajo la sec. 5 (a). Toda vez que los demandantes no hicieron un pago válido de una contribución federal por el cual deba concedérseles un crédito bajo la sec. 5 (a), el problema de la constitucionalidad de la disposición en la sec. 5 (d) que requiere la inclusión del monto del crédito al computar nuestra contribución sobre herencia se desvanece en este caso.

■■ El Secretario permitió a los demandantes créditos montantes a $1,310.46 bajo la sec. 5 (b) de la Ley. (⁴) Los

---

(⁴) La sec. 5 (b) dispone en parte como sigue:

"Cuando una parte o la totalidad de los bienes comprendidos en la donación procede directa o indirectamente de bienes que han estado sujetos a contribución sobre herencia, donación o sucesión dentro de los veinte años anteriores a la fecha de la donación, se concederá como crédito por cada año en que el intérvalo transcurrido sea menor de veinte años, una suma igual al cinco (5) por ciento de dichas contribuciones anteriores, o

demandantes también impugnan por inconstitucional la sec. 5(*d*) en tanto en cuanto requiere la inclusión de tales créditos en los bienes heredados sujetos a contribución bajo la Ley núm. 303.   El propósito del crédito establecido en la sec. 5(*b*) es aliviar un poco el peso de las contribuciones impuestas por la Ley núm. 303 cuando han ocurrido transferencias sucesivas de bienes sujetas a contribución dentro de un período comparativamente corto.   16 Rev. Jur. U.P.R. 195, 203; Bittker y Frankel, *Previously Taxed Property and the Federal Estate Tax*, 8 Tax L. Rev. 263; Rudick, *The Estate Tax Deduction for Property Previously Taxed*, 53 Col. L. Rev. 761; Casner, *The Internal Revenue Code of 1954: Estate Planning*, 68 Har. L. Rev. 433, 450–1.   Pero dicho crédito, que es un asunto de gracia legislativa, no reduce el monto de los bienes heredados propiamente dichos.   Por tanto no encontramos base para resolver que por haber establecido el crédito hallado en la sec. 5(*b*), la Asamblea Legislativa estaba por ello constitucionalmente impedida de proveer en la sec. 5(*d*) que nuestra contribución sobre herencia será calculada sobre todo el monto de los bienes heredados, incluyendo el crédito provisto en la sec. 5(*b*) *Frick* v. *Pennsylvania*, 268 U.S. 473, 500; *Stebbins* v. *Riley*, 268 U. S. 137, 143–5; *In re Clark's Estate*, 74 P.2d 401, 414–5 (Mont., 1937); Barnett, *California Inheritance and Gift Taxes—A Summary*, 43 Calif. L. Rev. 49, 50–1 (March, 1955); Véase *Veve* v. *Descartes, Tesorero*, resuelto en el día de hoy; Par. 23,237, P–H Fed. Tax Serv. 1952.

*La sentencia del Tribunal Superior será revocada y se dictará nueva sentencia declarando sin lugar la demanda.*

El Juez Asociado Sr. Belaval no intervino.

---

un crédito de 5% de la contribución pagada sobre cada donación anterior por cada año de la edad que haya cumplido el donatario cuando el donante de dicha donación anterior haya cumplido 50 años si estuviere vivo o hubiera cumplido 50 años en caso de haber fallecido."