SANTOS PEDRAZA MULERO Y JUAN EVANGELISTA PEDRAZA, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Número: 1377.   Resuelto: 25 de abril de 1962.

*Andrés Mena Latorre,* abogado de los recurrentes; la Registradora recurrida compareció por escrito.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Rigau.

PER CURIAM: A los fines de la Ley de Herencia (Ley 303 de abril 12 de 1946, según enmendada) ¿constituye la renuncia de un usufructo una donación? Esa es la cuestión principal envuelta en este recurso. ■

En 1938 un matrimonio hizo una donación graciosa e irrevocable de la nuda propiedad de una finca de 11.50 cuerdas de terrenos a sus cuatro hijos, reservándose ellos el usufructo. Al morir el padre, la mitad del usufructo pasó a los nudos propietarios. En 1958 éstos vendieron la totalidad de la finca en común proindiviso, a dos agricultores por precio de $1,100.00. Más tarde la madre de los donatarios otorgó una escritura renunciando a favor de sus cuatro hijos el usufructo que le correspondía en la mitad de la finca; "en consideración a la suma de Un Dólar recibido con anterioridad de manos de sus cuatro hijos referidos; y por otras no valuables consideraciones."

El Registrador inscribió la escritura de venta, aclarada por la renuncia de usufructo, sólo en cuanto a la mitad de la finca en pleno dominio y la nuda propiedad de la otra mitad, denegando la inscripción en cuanto al usufructo en dicha última mitad por resultar que la cesión del derecho de usufructo se verifica por una suma menor de su justo valor, lo que constituye una donación, y no se acompañó el recibo o carta de exención de contribución sobre donación. ■

Tiene razón el Registrador. Para determinar la naturaleza jurídica de la transacción aquí envuelta debemos recurrir en primer término, a la fuente del derecho contributivo, que en este caso es la Ley sobre Herencia y Donaciones (13 LPRA, sec. 881 y siguientes). Así, la definición del tér-

minó donación hay que buscarla en el referido estatuto.
*Blanco* v. *Registrador*, 70 D.P.R. 17; *De la Haba* v. *Tribunal*,.76 D.P.R. 923; *Semanaz* v. *Sec. de Hacienda*, 76 D.P.R.
411; *Serrallés Galiano* v. *Srio. de Hacienda*, 84 D.P.R. 11
(1961). Según se usa en dicha ley (sec. 881 (a).) el término
"donación" incluye la donación puramente graciosa, la onerosa y la remuneratoria, según las define el Código Civil de
Puerto Rico; pero incluye además otros actos tales como
"Cuando una *propiedad* se transfiere por menos de su justo
valor..., el exceso del justo valor de dicha propiedad sobre
el valor del dinero,... por el cual se transfiere se considerará una donación y se incluirá al computar el total de las
donaciones hechas durante el año." (Bastardillas nuestras.) ■

Y en su sección 882 se dispone: "La palabra 'bienes' o
'propiedad' incluirá tanto 'bienes raíces' como 'bienes muebles y semovientes', y cualquiera forma de participación en
ellos, incluyendo rentas vitalicias o anualidades de cualquier
forma o clase, *así como el usufructo*, la nuda propiedad o cualquiera clase de derechos y acciones." (Bastardillas nuestras.) ■

Aquí la renuncia del usufructo hecho por la madre a favor de sus hijos por la suma de $1.00 es en derecho contributivo una transferencia de bienes o propiedad. Obviamente el usufructo se transfirió, según los documentos que
tuvo ante sí el Registrador por mucho menos de su justo valor. La diferencia en ese valor constituye una donación. Por
lo tanto la presentación del recibo contributivo era imperativo de conformidad con la sección 12 de la Ley Núm. 99 de
1925 según fue enmendada por la número 189 de 1948.

*Se confirmará la nota recurrida.*