OLIMPIA CARMEN LUISA RIVERA y TORRES, demandante y recurrente, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrido.

*Número:* R-64-48    *Resuelto:* 6 de noviembre de 1964

*Juan A. Faría* y *Luis E. García Benítez,* abogados de la recurrente; *Rodolfo Cruz Contreras, Procurador General Interino,* y *Américo Serra, Procurador General Auxiliar,* abogados del recurrido.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

Al fallecimiento de Doña Cruz Balzac Faría y de su esposo Don Domingo Rivera Pagán en 8 y 17 de mayo de 1962, dejaron una propiedad consistente de solar y edificación de

vivienda en Hato Rey. A todos los efectos pertinentes se le fijó un valor de $16,180. La mitad de esa propiedad le fue adjudicada en herencia en común *pro indiviso* y por partes iguales a los hermanos Monserrate, Juana, Carmen María y Rafael de apellidos Balzac Faría, todos mayores de edad. Por escritura Núm. 20 otorgada en San Juan el 28 de junio de 1963 ante el Notario Orlando Quiñones Boneta, los hermanos Balzac Faría donaron graciosamente sus condominios indivisos en dicha propiedad a Doña Olimpia Carmen Luisa Rivera Torres por las atenciones que ésta había tenido para la causante. El valor de cada uno de dichos condominios ascendía a $2,022.50.

Al liquidar la contribución sobre donaciones el Secretario de Hacienda concedió a la donataria una exención de $1,000. Sostiene ella que tenía derecho a una exención de $1,000 en el valor de cada uno de los 4 condominios que le fueron donados, o sea, una exención total de $4,000. La Sala sentenciadora declaró sin lugar la demanda por la autoridad de *Semanaz* v. *Sec. de Hacienda*, 76 D.P.R. 411 (1954).

La Sec. 4(a) de la ley que tributa las herencias y donaciones—Ley Núm. 303 de 12 de abril de 1946 según se ha enmendado—dispone que quedarán exentos de contribución y excluidos del monto de las donaciones tributables (1) los primeros $1,000 *del total* de donaciones recibidas por el donatario. En *Semanaz* v. *Sec. de Hacienda*, antes citado, nos expresamos así aplicando la anterior disposición de la Ley:

"El contexto de esa sección nos parece meridianamente claro y de fácil interpretación. Los primeros $1,000 del total de donaciones recibidas por el donatario no pueden ser otros que los primeros $1,000 percibidos como donaciones por una persona, bien sea en un solo acto o en varios; es decir, si a una persona se le hace una donación de $1,000 ó menos, y ésa es la primera donación, la misma estará exenta de tributación, pero si a esa misma persona se le hacen varias donaciones cuyo monto acumulado pasa de $1,000, entonces a virtud de la fraseología clara y

terminante del estatuto, solamente los primeros $1,000 donados estarán exentos del pago de la contribución impuesta por la ley, mas no así cualquier cantidad o cualesquiera cantidades donadas que excedan de esa suma específica. Sobre tal excedente habrá que pagar contribución. . . . Tanto bajo un inciso como bajo el otro, no desempeña papel de clase alguna, repetimos, que se trate de una sola donación o de dos o más donaciones."

■ Es posible que el caso de autos se distinga de *Semanaz* por el hecho de que aquí donaron distintas personas sus correspondientes bienes y en *Semanaz*, por ser una donación hecha por el padre y la madre a favor de su hija con cargo a su legítima, presuntivamente de bienes gananciales, podría considerarse como una sola donación o un solo donante, y no de varias donaciones como aquí. Aun así, en *Semanaz* sostuvimos que aunque se trate de donaciones separadas solo están exentos los primeros $1,000 del importe total de las mismas.

■ Nuestro estatuto, que en términos generales siguió el patrón de la legislación contributiva federal sobre donaciones aunque en aspectos básicos se aparta de la misma, constituye un plan de tributación integrado y funciona a base de las donaciones recibidas por una persona a partir de la aprobación de la Ley Núm. 303. No es un estatuto que toma cada donación como un evento tributable separado y aisladamente de otras donaciones. De ahí el que se incluyera el término *"donaciones acumuladas"* definido como el *montante* de las donaciones tributables recibidas por determinado donatario desde la fecha de la vigencia de la Ley, constituyendo una "donación tributable" el importe de la donación menos el monto de las exenciones concedidas por la Sec. 4. De ahí que las Secs. 2 y 3 contengan una imposición contributiva integrada en tal manera que gira en torno de la primera donación y de la segunda y siguientes donaciones, y se establece el mecanismo para determinar la contribución de un determinado acto tomándose en cuenta la acumulación de donaciones anteriores. También las disposiciones de la Sec. 5 (b) relativas a la donación de bienes que ya han estado sujetos to-

tal o parcialmente a la contribución sobre herencia o sobre donación dentro de los 20 años anteriores a la fecha de la donación envuelta, a los efectos de la concesión de ciertos créditos.

■ La recurrente funda su derecho en lo dispuesto en la Sec. 7 de la Ley y sostiene que a tenor de la misma la Sec. 4 (a) debe interpretarse en el sentido de que concede una exención de $1,000 en el valor de cada uno de los condominios donados. No comprendemos en qué pueda ayudarla esta Sec. 7. Ella impone a todo donante que hiciere una donación en exceso de $1,000 el deber de rendir una planilla al Secretario de Hacienda dentro de los diez días siguientes a la fecha de la donación, y le impone igual obligación aun cuando la donación fuere menor de $1,000, que en tal caso estaría exenta, si la misma hiciere sobrepasar de $1,000 el monto de las donaciones hechas *a una misma persona* desde el comienzo del año natural o desde la fecha de la planilla anterior con respecto *a dicha persona*, si la planilla fuere posterior. Se trata de una planilla informativa meramente ya que, distinto a la legislación federal, la contribución aquí la paga el donatario y no el donante. Precisamente su propósito es informar al Secretario que una persona ha hecho a otra donaciones que en conjunto pasan de $1,000 y que son por lo tanto donaciones tributables por el exceso. Esta Sección más bien ratifica el sentido de acumulación de la Sec. 4 (a). Por otra parte, la propia Sec. 7 en su apartado (b), le impone al donatario, quien sí responde de la contribución, el rendir planilla siempre que recibiera *donaciones* durante cualquier año natural montantes a $1,000 ó más *en su conjunto.* (¹)

---

(¹) La recurrente aduce que las disposiciones de nuestra Ley son un tanto confusas. Quizás no le falte razón. Los estatutos que hemos visto incluyendo la legislación federal misma, crean el mecanismo contributivo en términos de períodos de un año. Así queda claro que la exención concedida del monto de todas las donaciones incluye las recibidas durante un

*La sentencia que declaró sin lugar la demanda será confirmada.*

período de 12 meses. A pesar de la Sec. 4(a), la Ley Núm. 303 en su Sec. 7(b) hace creer que son donaciones en exceso de $1,000 sólo por un período de un año. El problema, de todos modos, no está ahora ante nos, ya que estas cuatro donaciones, cada una en exceso de $1,000, se hicieron el mismo día.